IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GWENDOLYN M. REEVES, INDIVIDUALLY
AND AS WRONGFUL DEATH BENEFICIARY OF
ROBERT B. REEVES, DECEASED, AND ON BEHALF
OF ALL WRONGFUL DEATH BENEFICIARIES OF
ROBERT B. REEVES, DECEASED                                          PLAINTIFFS

VS.                                              CIVIL ACTION NO. 2:13CV13KS-MTP

CLARK SAND COMPANY, INC., ET AL.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Abstain and/or Remand [4] and Motion for Sanctions and Costs [16].  Having considered the submissions of the parties, the record and the applicable law, the Court finds that this action should be remanded to the Circuit Court of the Second Judicial District of Jones County, Mississippi and that Plaintiff's request for sanctions should be denied.

## I.  BACKGROUND

On July 3, 2012, a Final Judgment by Verdict (the "Judgment") was entered in favor of the Plaintiff Gwendolyn M. Reeves (individually, as a wrongful death beneficiary of Robert B. Reeves and on behalf of all wrongful death beneficiaries of Robert B. Reeves) against Mississippi Valley Silica Company, Inc. ("Mississippi Valley") in the amount of $874,732.20 in the Circuit Court of the Second Judicial District of Jones County, Mississippi.  On July 13, 2012, Mississippi Valley filed several post-trial motions, including a Motion for Stay of Judgment Without Bond Pending Ruling on Post-Trial Motions and/or Appeal ("Motion for Stay of Judgment") [4-1].  This motion principally requested that execution on the Judgment be stayed without any payment or posting of a bond in light of a Final Decree and Order Confirming Debtor's Third Amended Plan of Liquidation (the "Bankruptcy Order") [1-2] entered in Mississippi Valley's Chapter 11

bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") in 1998.  Mississippi Valley asserted that pursuant to the Bankruptcy Order, only insurance proceeds were available for payment on the Judgment and that the Plaintiff could not execute on the Judgment pending the outcome of appellate proceedings.  On September 21, 2012, the state court denied Mississippi Valley's Motion for Stay of Judgment.  (*See* Doc. No. [4-2].)  Mississippi Valley subsequently filed a Notice of Appeal, but did not post a supersedeas bond in order to stay judgment enforcement proceedings.

On October 9, 2012, Plaintiff filed a Suggestion for Writ of Garnishment [4-3] in the state court naming Mississippi Valley as the Garnishee-Defendant.  On this same date, the circuit clerk's office issued the Writ of Garnishment [4-4], which was served on the Corporation Trust Company, Mississippi Valley's registered agent for service of process, on October 22, 2012.  (*See* Doc. No. [4-5].)  On or about November 30, 2012, Plaintiff sought and received a Clerk's Entry of Default against Mississippi Valley for failing to respond to the Writ of Garnishment.  (*See* Doc. No. [4-6].)  On December 6, 2012, Plaintiff filed a Motion for Default Judgment [4-7], seeking $874,732.20, plus interest, fees and costs against Mississippi Valley.  Mississippi Valley subsequently moved to quash the Writ of Garnishment and set aside the Clerk's Entry of Default, and a hearing was held on the parties' competing positions on January 22, 2013.  That same date, a Final Judgment by Default ("Judgment by Default") [1-4] was entered by the Circuit Court Judge.  The Judgment by Default [1-4] provides as follows:

1. That the Defendant Mississippi Valley Silica . . . was properly served with a Writ of Garnishment upon their registered agent for service of process, The Corporation Trust Company, Inc.

2. That the Defendant Mississippi Valley Silica failed to respond to the Writ of Garnishment under the time allowed by law.

3. The Defendant has failed to show good cause as to why said Entry of Default should be set aside.

4. That the Defendant Mississippi Valley Silica is in default of the Writ of Garnishment.

5. That Mississippi Valley Silica's insurers have agreed to be responsible for the liability of Mississippi Valley Silica for Class 2 claims.

6. That Sections 1.14 and 3.3 of the Bankruptcy Agreement are contrary to Mississippi law.

7. That Mississippi Valley Silica and its insurers cannot contract away the statutory rights of the citizens of the State of Mississippi.

8. That under Mississippi law, the failure to post a bond after a judgment is entered makes said judgment final and capable of being executed upon.

9. This Judgment is now due and payable by the insurance carriers that provided liability coverage to Mississippi Valley Silica Company pursuant to the Schedule of Liability in the Order entered in Mississippi Valley Silica's bankruptcy proceeding.

10. Within in five (5) days of entry of this Final Judgment by Default Mississippi Valley Silica's insurance carriers must deposit the funds in the amount of $874,732.20 plus interest at the rate of 8% per annum from July 3, 2012, in the Trust Account of the Porter & Malouf, P.A. lawfirm.

On January 28, 2013, Mississippi Valley filed its Notice of Removal of Garnishment Action ("Notice of Removal") [1] in this Court. Subject matter jurisdiction is asserted under Title 28 U.S.C. §§ 1332 (diversity of citizenship) and 1334 (bankruptcy jurisdiction). The Notice of Removal [1] posits that the Plaintiff is a resident of Mississippi, whereas Mississippi Valley is a Delaware corporation that had its principal place of business in Louisiana when it was a going concern.[1]  It is further asserted that

---

[1] A corporation is a citizen of the state where it has its principal place of business and the state where it was incorporated for diversity of citizenship purposes. *See* 28 U.S.C. § 1332(c)(1).

the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. As to bankruptcy jurisdiction, Mississippi Valley contends that this is a core proceeding arising under the Bankruptcy Code because it concerns the administration of its bankruptcy estate and because the Judgment by Default [1-4] constitutes an order to turn over property of the bankruptcy estate. *See* 28 U.S.C. § 157(b)(2)(A), (E).

On February 27, 2013, Plaintiff filed her Motion to Abstain and/or Remand [4]. Plaintiff contends that remand is in order pursuant to "'the *Rooker-Feldman* doctrine, [under which] the lower federal courts are without any authority/power/jurisdiction to modify or reverse a judgment rendered by a state court.'" (Motion [4] at p. 3) (quoting *In re Bayhi*, 528 F.3d 393, 402 (5th Cir. 2008)). Plaintiff also contends that mandatory abstention is required under 28 U.S.C. § 1334(c)(2). In her analysis of the mandatory abstention factor concerning whether there is any basis for federal jurisdiction other than bankruptcy jurisdiction, Plaintiff asserts that the action was not timely removed for purposes of diversity jurisdiction.

On March 25, 2013, Mississippi Valley filed its opposition to the Motion to Abstain and/or Remand. (*See* Response in Opposition [9].) Mississippi Valley argues against remand pursuant to the "void *ab initio*" and "bankruptcy discharge" exceptions to the *Rooker-Feldman* doctrine. (Memorandum of Law [10] at p. 10.) As to abstention, Mississippi Valley chiefly contends that it is unavailable because this is a core proceeding under 28 U.S.C. § 157.

On May 17, 2013, Plaintiff filed her Motion for Sanctions and Costs [16]. Plaintiff argues that Mississippi Valley's refusal to agree to remand is frivolous in light of an Order entered in Mississippi Valley's bankruptcy proceeding in April of 2013. (*See* Stipulated Agreed Order Between the Future Claimants and the Insurance Companies ("Stipulated Order") [15-1].) According to the Plaintiff, there is no arguable basis for bankruptcy

jurisdiction because the Stipulated Order holds that she is not subject to the 1998 Bankruptcy Order [1-2]. Mississippi Valley has not filed a response to the Motion for Sanctions and Costs [16] as of the date of this opinion and order.

## II.  DISCUSSION

### A.  Standard of Review

"In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)).  "The removing party bears the burden of establishing that federal jurisdiction exists." *Id.*  Since federal courts are of limited jurisdiction and removal raises significant federalism concerns, the "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citations omitted).  Courts are to consider "jurisdictional facts as they existed at the time of removal" in ruling on a motion to remand. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

### B.  Analysis

Within the Fifth Circuit, a garnishment proceeding is considered an independent civil action capable of removal under 28 U.S.C. § 1441.  *See Butler v. Polk*, 592 F.2d 1293, 1295-96 (5th Cir. 1979) ("[G]arnishment actions against third-parties are generally construed as independent suits, at least in relation to the primary action.") (citations omitted).  A garnishment action is in effect a suit "involving a new party litigating the existence of a new liability." *Id.* at 1296.  In a 2003 opinion, Judge Lee found a garnishment proceeding to be a distinct civil action for purposes of § 1441(a) even though it was filed under the same cause number as the action producing the judgment on which collection was sought. *See Freeman v. Walley*, 276 F. Supp. 2d 597, 598-99 (S.D. Miss. 2003) (citations omitted).  This Court has followed *Butler* and *Freeman* in

holding that Alfa Insurance Corporation properly invoked federal jurisdiction after being served with a writ of garnishment. *See Chisolm v. Alfa Ins. Co.*, No. 2:10cv129, 2010 WL 2802169, at *1-2 (S.D. Miss. July 14, 2010).

In *Butler*, *Freeman* and *Chisolm*, the garnishee-defendants were insurance companies, who were not parties to the underlying civil actions giving rise to the judgment debts. Here, Mississippi Valley is the Garnishee-Defendant and a Defendant in the primary action. The Court questions whether Plaintiff's garnishment action against an original party to the underlying litigation can or should be considered "an entirely separate lawsuit" subject to removal to federal court. *Freeman*, 276 F. Supp. 2d at 599. The Court need not resolve this issue, however, since Mississippi Valley's removal was untimely even if the proceeding is sufficiently distinct to fall under the scope of § 1441(a).

The following timing requirements for removal are specified under 28 U.S.C. 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The thirty days for removal begins to run "on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999)). State law determines whether service of process has been effected. *Id.*

The suggestion for garnishment is the initial pleading in a garnishment action under Mississippi state law. *See Leader Nat'l Ins. Co. v. Lindsey*, 477 So. 2d 1323, 1327 (Miss. 1985). Upon the filing of the suggestion for garnishment, the clerk of court is to

issue a writ of garnishment for service on the garnishee-defendant.  *See* Miss. Code. Ann. § 11-35-1.  The Writ of Garnishment [4-4] was served on Mississippi Valley's registered agent for service of process on October 22, 2012, via certified mail.  (S*ee* Doc. No. [4-5].)  Mississippi Rule of Civil Procedure 4(c)(5) authorizes service by certified mail on a nonresident defendant.  Mississippi Valley's Notice of Removal [1] was untimely since it was filed on January 28, 2013, **ninety-eight (98) days** following service, which was well in excess of the thirty-day limit prescribed by § 1446(b)(1).

Mississippi Valley's apparent contention that the time for removal began to run upon the January 22, 2013 entry of the Judgment by Default [1-4] is not convincing. (*See* Notice of Removal [1] at ¶ 34.)  The thirty-day period for removal triggered by "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is" removable only applies "if the case stated by the initial pleading is not removable . . . ." 28 U.S.C. § 1446(b)(3).  The requirements of diversity jurisdiction are no more apparent on the face of the Judgment by Default [1-4] than they are on the face of the Writ of Garnishment [4-4].  Both state court filings reference the underlying Judgment in the amount of $874.732.20.  Neither filing lists the citizenship of the parties.

In relation to bankruptcy jurisdiction, Mississippi Valley argued to the state court in July of 2012 that the Bankruptcy Order [1-2] prohibits any execution on the Judgment pending the outcome of appellate proceedings and that it would be subject to actions inconsistent with the ruling of the Bankruptcy Court absent a stay of execution.  (*See* Motion for Stay of Judgment [4-1] at pp. 2-4.)  Further, the Notice of Removal provides that the Bankruptcy Order precludes any garnishment on the Judgment pending the outcome of an appeal.  (*See* Notice of Removal [1] at ¶ 3.)  Garnishment is a traditional legal device for the enforcement of a judgment under Mississippi law.  *See* Miss. R. Civ. P. 69 cmt.  Given Mississippi Valley's stated positions on the scope of the Bankruptcy

Order in regard to judgment enforcement proceedings, the Court fails to discern how or why the January of 2013 Judgment by Default [1-4] controls over the October of 2012 Writ of Garnishment [4-4] for purposes of establishing the time for removal.  Certainly, the bankruptcy removal statue does not mandate such a finding since it speaks to removal of "any claim or cause of action", as opposed to removal of a lawsuit where a judgment has been entered granting relief on the subject claim or cause of action.  28 U.S.C. § 1452(a).  In strictly construing the removal statutes in favor of remand,[2] the Court finds that Mississippi Valley has failed to meet its burden of showing that removal was timely under 28 U.S.C. § 1446.

The Court further rejects Mississippi Valley's contention that the Notice of Removal [1] was timely filed under Federal Rule of Bankruptcy Procedure 9027.  (*See* Notice of Removal [1] at ¶ 27.)  Rule 9027(a)(2) specifies certain time periods for filing a notice of removal with respect to a cause of action pending at the time a bankruptcy proceeding is commenced.  Rule 9027(a)(3) stipulates the time for filing a notice of removal in regard to a cause of action initiated after the commencement of a bankruptcy proceeding.  To the extent Rule 9027 applies in this Court,[3] subsection (a)(3) clearly controls since this garnishment proceeding was initiated approximately fourteen (14) years after the entry of the Bankruptcy Order [1-2].  The thirty-day time frame for removal under Rule 9027(a)(3) is substantively identical to the period for removal under §

---

[2] *See Eastus*, 97 F.3d at 106.

[3] *See Charles v. Towing & Recovery Prof'ls of La. Inc.*, No. 6:10cv1726, 2011 WL 703725, at *2 (W.D. La. Feb. 17, 2011) (citing cases addressing the applicability of Rule 9027 versus § 1446).

1446(b)(1).[4] Thus, Mississippi Valley's filing of the Notice of Removal [1] **ninety-eight (98) days** following service of the Writ of Garnishment [4-4] was also untimely under Rule 9027(a)(3).[5]

Even though the thirty-day time limit for removal "is not jurisdictional, it is mandatory and therefore strictly construed." *Alfonso v. Military Dep't*, No. 07-3778, 2007 WL 4114438, at *6 (E.D. La. Nov. 15, 2007) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)). Mississippi Valley's failure to meet the removal deadline requires remand and moots any need to address mandatory abstention or the *Rooker-Feldman* doctrine.

Finally, Plaintiff's request for sanctions and costs under Federal Rule of Civil Procedure 11(c) will be denied. (*See* Motion for Sanctions and Costs [16].) In essence, Plaintiff faults Mississippi Valley for refusing to agree to the remand of this action in light of the April of 2013 entry of the Stipulated Order [15-1] in its bankruptcy proceeding. The Court is unaware of, and Plaintiff fails to cite any authority recognizing the validity of an

---

[4] "If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons." Fed. R. Bankr. P. 9027(a)(3).

[5] Although the Motion to Abstain and/or Remand [4] does not address the timeliness of the Notice of Removal under Rule 9027, the Court may consider this issue *sua sponte* without offending 28 U.S.C. § 1447(c) since the Motion [4] was filed within thirty (30) days of removal. *See BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) (holding that the submission of a remand motion, as opposed to the assertion of a procedural defect, within thirty days of removal is the central inquiry for a timeliness analysis under § 1447(c)); *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283-84 (5th Cir. 2004) (rejecting the removing party's assertion that the district court acted outside of its authority under § 1447(c) when it remanded an action pursuant to an issue not raised in the motion to remand).

agreement between parties as to the remand of a civil action. Moreover, such an agreement would appear to run contrary to the principle that parties "may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver." *Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993). The Court will not penalize Mississippi Valley for failing to engage in a procedure that has no apparent basis under the law.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion to Abstain and/or Remand [4] is granted. A separate order remanding this action to the state court shall issue this date.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Sanctions and Costs [16] is denied.

SO ORDERED AND ADJUDGED this the 18th day of June, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE